UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TERRY L. SNOOK and ANGELA SNOOK,

    Plaintiffs,

v.

SIERRA PACIFIC MORTGAGE COMPANY, INC.; et al.,

    Defendants.

3:11-CV-0471-LRH-VPC

ORDER

Before the court is plaintiffs Terry Snook and Angela Snook (collectively "plaintiffs") motion for reconsideration of the court's order granting defendants' motions to dismiss (Doc. #16[1]). Doc. #17. Defendants filed oppositions (Doc. ##27, 28) to which plaintiffs replied (Doc. #33).

Also before the court is defendant LSI Title Agency, Inc.'s ("LSI") motion to dismiss. Doc. #21.

**I.    Facts and Procedural History**

On October 11, 2005, plaintiffs purchased real property through a mortgage note and deed of trust executed by defendant Sierra Pacific. Plaintiffs defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

---

[1] Refers to the court's docketing number.

Subsequently, on May 12, 2011, plaintiffs filed a complaint against defendants alleging nine causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit C. In response, defendants filed a motion to dismiss (Doc. #5) which was granted by the court (Doc. #16). Thereafter, plaintiffs filed the present motion for reconsideration. Doc. #17.

## II. Discussion

### A. Motion for Reconsideration

Plaintiffs bring their motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In their motion, plaintiffs contend that there has been an intervening change in controlling law such that the court's prior order is in error. *See* Doc. #21. Specifically, plaintiffs argue that the recent Ninth Circuit decision in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. September 7, 2011), establishes that a party must be a holder of both the mortgage note and deed of trust to initiate non-judicial foreclosure proceedings. *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's order is not warranted. Plaintiffs' reliance on *Cervantes* is misplaced. First, that decision is based solely on the application of Arizona law which differs greatly from

2

1  Nevada law in terms of non-judicial foreclosures. At the time of the instant foreclosure, Nevada
2  law did not require the production of the original note before one of the statutorily enumerated
3  parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp.
4  2d 1276, 1280 (D. Nev. 2010). Second, the *Cervantes* court re-established the legality of statutorily
5  enumerated parties initiating non-judicial foreclosure proceedings against a defaulting party. *See*
6  *Cervantes*, 656 F.3d at 1044. Therefore, the court finds that plaintiffs' motion for reconsideration is
7  without merit and shall deny the motion accordingly.

8        **B.  Motion to Dismiss**

9        As to defendant LSI's motion to dismiss, the court finds the motion moot because LSI has
10 already been dismissed from this action pursuant to parties' April 12, 2012 stipulation dismissing
11 LSI as a defendant. *See* Doc. #40. Accordingly, the court shall deny the motion to dismiss.

13       IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration (Doc. #17) is
14 DENIED.

15       IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #21) is DENIED as
16 moot.

17       IT IS SO ORDERED.
18       DATED this 17th day of May, 2012.

                                                                         _____
                                                                         LARRY R. HICKS
                                                                         UNITED STATES DISTRICT JUDGE